UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLORIA PALACIOS, | ) | 1:08cv0158 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| FRESNO COUNTY SUPERIOR COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, appearing pro se, filed the instant civil rights action on January 31, 2008. She names the Fresno County Superior Court, Judge J. Petrucelli, Judge D. Kalemakarian, Tamara Beard and Fran Collins as Defendants.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1  Fed. R. Civ. P. 8(a) provides:

2  A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff's allegations arise out of a family court matter in the Fresno County Superior Court. She names the Fresno County Superior Court, Judges Petrucelli and Kalemakarian, who made decisions in her case, and court staff Tamara Beard and Fran Collins as Defendants.

Plaintiff's complaint alleges violations of the First, Fourth and Fourteenth Amendments, as well as violations of the California Constitution and various California statutes. Specifically, she alleges that Judges Petrucelli and Kalemakarian were biased against her and made "destructive decisions" in her case. She further alleges that Tamara Beard and Fran Collins

1  discriminated against her by refusing to speak to her and providing her with misinformation.

2  Plaintiff requests five million dollars in damages.

3  C.     <u>Discussion</u>

4  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F. 3d 978 (th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

   1.     *Fresno County Superior Court*

   Insofar as Plaintiff names the Fresno County Superior Court as a Defendant, the court is not a "person" for purposes of section 1983.  Accordingly, Fresno County Superior Court is not a proper defendant.

   2.     *Judges Petrucelli and Kalemakarian*

   Judge Petrucelli and Judge Kalemakarian are entitled to absolute judicial immunity. Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976).  Plaintiff requests only monetary damages in this action, and her conclusory claims that Judge Petrucelli acted "without jurisdiction" are not sufficient to

prevent the application of judicial immunity.  "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

### 3. *Tamara Beard and Fran Collins*

Similarly, court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980).  Plaintiff makes no allegations that would suggest that Defendants Beard and Collins acted outside of their role as court clerks.  They are therefore entitled to immunity from Plaintiff's claim for damages.

### 4. *California Law Allegations*

Plaintiff's complaint alleges a violations of the California Constitution and California law, which are beyond the scope of a 1983 claim.

Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Based on the facts alleged, Plaintiff cannot prevail on a Section 1983 claim and it appears granting leave to amend the complaint would be futile.  Accordingly, the Court recommends that the complaint be dismissed without leave to amend for failure to state a claim.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections

1  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
2  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
3  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
4  (9th Cir. 1991).

6    IT IS SO ORDERED.
7    Dated:   **February 4, 2008**                    /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE